UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLANCHE RENE HAYWARD,

            Petitioner,            Case No. 1:11-cv-956

v.                                              Honorable Robert J. Jonker

GENE WRIGGLESWORTH,

            Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243; Rule 1(b), RULES GOVERNING § 2254 CASES (indicating that the Rule Governing § 2254 Cases may be applied to a habeas corpus petition not otherwise covered by Rule 1(a)). If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed.

**Factual Allegations**

Petitioner asserts in her petition that she has been charged with various crimes, including assault with intent to do great bodily harm less than murder, armed robbery, assault with a dangerous weapon, and felony assault. (Pet., docket #1, Page ID#1.) Petitioner contends that her place of confinement is the Ingham County Jail, though she provided the Court with an address of 305 S. Pennsylvania Ave., Apt. B, in Lansing, Michigan.

As grounds for relief, Petitioner asserts that she has received ineffective assistance of counsel, and that her arrest was improper because it lacked probable cause or a warrant and the prosecutor lacked jurisdiction. She also contends that she did not receive a timely preliminary examination and she was not allowed to testify at her preliminary examination.

**Discussion**

The writ of habeas corpus under § 2241 extends to prisoners "in custody." *See* 28 U.S.C. § 2241(c). Petitioner's submissions to the Court indicate that she does not satisfy the "in custody" requirement. Petitioner filed her petition and an application for leave to proceed *in forma pauperis* on September 8, 2011 (docket ##1, 2). As part of her application, she submitted a letter dated September 1, 2011 from the Ingham County Sheriff's Office in Mason, Michigan, addressed to Petitioner at an apartment in Lansing, Michigan. (*See* Davis Letter, docket #2, Page ID#14.) The letter refers to an enclosed copy of Petitioner's "account activity ledger for [her] incarceration at the Ingham County Jail from 10-14-10 to 7-25-11." (*Id.*) The phrase "Released 07/25/2011" appears on the last line of the ledger. (*Id.* at Page ID#12.) Thus, it appears that Petitioner was released from custody on July 25, 2011, before the petition was filed. Therefore, relief under § 2241 is not available to Petitioner at this time.

Even if Petitioner is still in custody, or was in custody at the time she filed her petition, her petition is premature because she has not yet been convicted by a state court. Although § 2241 gives the federal courts jurisdiction to consider pretrial habeas corpus petitions, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id*. Federal habeas corpus relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). The Sixth Circuit Court of Appeals has found that a federal court may consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted his available state court remedies, *Atkins*, 644 F.2d at 546-47, seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *see also Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300-03 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of the aforementioned circumstances fits the present case.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because relief under 28 U.S.C. § 2241 is not available to Petitioner.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of the petition was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     October 20, 2011            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE